## IN RE RUBÉN PÉREZ PORTELA, JUDGE, DISTRICT COURT, Respondent

No. 7.   Submitted November 26, 1960.—Decided March 17, 1961.

*Félix Ochoteco, F. Fernández Cuyar, Ángel Viera Martínez,* and
*A. Saavedra Blasco* for respondent. *Hiram R. Cancio,
Secretary of Justice, J. B. Fernández Badillo, Attorney
General,* and *Arturo Estrella, Assistant Attorney General,*
for The People.

ORDER

WHEREAS: On March 10, 1960, the Chief Justice of the
Supreme Court of Puerto Rico, after having examined the
merits of the investigation carried out to that effect, deter-
mined that there was cause for further proceedings against
the respondent, requesting of the Secretary of Justice of
Puerto Rico to file the corresponding complaint.

WHEREAS: On March 25, 1960, the Secretary of Justice
of Puerto Rico, filed a complaint against Judge Rubén Pérez
Portela, for a violation of § 24 of the Judiciary Act of Puerto
Rico, as amended by Act No. 60 of June 19, 1959, consisting
in that at the time of testifying under oath as witness, in
criminal cases G-59–475, G-59–476, and G-59–477, during
the hearing held on April 27, 1959, "while the District
Attorney of the Superior Court, Mr. Félix Ortiz Juan, was
questioning him as to how he refreshed his memory regard-
ing the information stated in his statement, the respondent
answered in a deceitful manner and failed to say the truth
on that point in the manner which appears in the admissions
of the respondent in the affidavit presented by him on that
occasion."

WHEREAS: On May 10, 1960, Hon. Pedro Santos Borges,
Superior Judge, was appointed Special Master, so that in
the presence of both parties and acting as such, he should
hear and receive whatever evidence the parties chose to offer,
sending to this Court the evidence presented as well as his
findings of fact.

WHEREAS: From the findings submitted to this Court by
the Special Master, the latter considers it proved "that the
respondent while testifying under oath, contradicted himself
in stating at first, that he had refreshed his memory in his

office at San Juan and later that it was really in the clerk's office in the criminal section in San Juan that same morning, when he was consulting counsel for the defense and when he examined the record to which we have already referred," but explaining that "the contradictions made by the respondent Judge, that is, regarding where and when he refreshed his memory . . . are related to facts which obviously were not material, substantial or essential to his testimony . . . (and) the parties accepted that regarding the substantial, essential, and material questions in the main controversy, the respondent Judge spoke the truth . . ." the report of the Special Master adding that "from the evidence before us it does not appear that he (the respondent) had any reason or motive whatsoever to help the defendant's cause" and that when testifying originally as he did he was moved by "a false concept of what was proper or improper, correct or incorrect . . . which could even imply confusion or intellectual turpitude, induced at that moment by the sarcasm with which the district attorney unrelentingly adorned some of his questions, which probably caused the respondent to lose all notion of what was correct and incorrect. Hence, it is not amiss to conclude that he thought that his having spoken with counsel for the defense before entering into trial, being a full-fledged magistrate, constituted a serious fault, an impardonable misbehavior, and therefore, it was less serious and less incorrect to testify that he had refreshed his memory in his own court, before he left for the Superior Court."

■ WHEREAS: The evidence, which the Special Master had before him having been examined, his conclusions are correct and should be accepted by this Court.

■ THEREFORE: We consider that the fault committed by the Judge is serious and deserves our condemnation, and would have been cause for his removal if it had been proved that in some way it had influenced the result of the case, but

having taken into consideration the facts that the respondent Judge testified correctly as to the facts which were really in controversy, that he himself explained in the course of the testimony the contradiction which he had committed and that the initial concealment of the incident as to the place and the manner in which he had refreshed his memory was due, mostly, to certain misgivings as to the legitimacy of his interview with counsel for the defense before going to testify, an interview which we cannot brand as incorrect because he was called as witness for the defense, provided his testimony conformed strictly to the truth and correct statement which is expected of a witness of such standing in the eyes of the public, as a Judge should be, we do not order his removal from his post as Judge.

It was agreed by the Court as witnesses the signature of the Chief Justice, who did not participate in the decision of the case.